IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRENDA BALLENGER                                                    PLAINTIFF

VS.                                      CIVIL ACTION NO. 3:07-cv-253-WHB-LRA

FLYING J, INC.                                                      DEFENDANT

OPINION AND ORDER

This cause is before the Court on the parties' Motions in Limine.  The Court, having considered the pleadings, attachments thereto, as well as supporting and opposing authorities finds:

Plaintiff's Motion in Limine should be granted in part, and denied in part.

The Motion of Defendant in Limine should be denied in part without prejudice, and denied in part as moot.

The Second Motion of Defendant in Limine should be granted in part, denied in part without prejudice, and denied in part as moot.

I.  Discussion

A.  Plaintiff's Motion in Limine

1.  Alleged Acts at Subsequent Jobs

Plaintiff seeks to exclude evidence regarding whether she failed to follow product-dating policies while working for a subsequent employer.  Under Rule 404(b)[1]:

---

[1]  For the purpose of this Opinion and Order, the terms "Rule" or "Rules" refer to the Federal Rules of Evidence.

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ...

FED. R. EVID. 404(b).  "In making a Rule 404(b) determination, the trial court must determine that the extrinsic offense evidence is relevant to an issue other than the defendant's character, and also whether the evidence satisfies Rule 403." United States v. Peterson, 244 F.3d 385, 392 (5th Cir. 2001) (alterations in original) (citations omitted).

In the case *sub judice*, the Court finds that the proposed evidence regarding Plaintiff's conduct while working for a subsequent employer is not relevant to any issue other than her character or to show conformity therewith. Additionally, the Court finds that the probative value of the proposed evidence is substantially outweighed by the danger of confusing the issues and/or misleading the jury.  See FED. R. EVID. 403.  Specifically, evidence of subsequent conduct may not be admitted to prove prior conduct.  Peterson, 244 F.3d at 392.  In the present case, the Court finds that the purpose of admitting evidence of Plaintiff's subsequent conduct, i.e. back-dating products to increase their shelf-life, is to substantiate the allegations of Defendant that she engaged in similar conduct while in its employ, and was terminated for that reason.  The Court finds that the risk that the jury would improperly conclude that Plaintiff engaged in back-

2

dating products while employed with Defendant because she subsequently engaged in such conduct outweighs the probative value of the proposed evidence.  Accordingly, the Court finds that Plaintiff's Motion in Limine to exclude alleged acts at subsequent jobs should be granted.


**2.  Prior Conviction**

Plaintiff seeks to exclude from evidence any reference to her 2001 plea of guilty on two counts of uttering forgery and one count of false pretenses.  Under Rule 609:

> (a) For the purpose of attacking the character for truthfulness of a witness,
>
>     ....
>
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.
>
> (b) Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect....

FED. R. EVID. 609(a)(2) & (b).

The United States Court of Appeals for the Fifth Circuit, relying on the notes to Rule 609(a)(2), has found that "crimes involving dishonesty or false statement" are: "crimes such as

perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." United States v. Newman, 849 F.3d 156, 163 (5th Cir. 1988) (quoting FED. R. EVID. 609, Notes of Conference Committee, H.R. CONF. REP. NO. 93-1597, U.S. Code Cong. & Admin. News 1974, at 7051, 7098).  The Fifth Circuit has also found that prior convictions for forgery are admissible under Rule 609(a)(2).  See Id.  The fact that the conviction resulted from a guilty plea as opposed to a jury verdict does not affect admissibilty under that Rule 609.  See United States v. Sonny Mitchell Ctr., 934 F.2d 77, (5th Cir. 1999) (finding that a plea of nolo contendere is the equivalent of a conviction and, therefore, admissible under Rule 609(a) for impeachment purposes).

In the present case, the Court finds that Plaintiff's prior guilty plea on charges of false pretenses and uttering forgery constitutes a conviction of a crime involving dishonesty or false statements under Rule 609(a)(2).  The Court additionally finds that as the plea was entered within the ten-year period prescribed by Rule 609(b), evidence of that plea is admissible for impeachment purposes.  Accordingly, the Court finds that Plaintiff's Motion in Limine to exclude prior convictions should be denied.

**B.   Motion of Defendant in Limine**

**Testimony/Evidence  not  Relevant  to  Allegations  of  Sexual Harassment**

Through  its  Motion  in  Limine,  Defendant  seeks  to  exclude testimony or evidence: (1) regarding derogatory comments that are not based on sex and/or regarding Plaintiff's allegations that she was paid off the clock; (2) by Christina Bynum ("Bynum") that is not relevant to Plaintiff's claims of sexual harassment;[2] and (3) regarding  wage  loss,  on  the  grounds  that  such  evidence  is irrelevant to Plaintiff's sexual harassment claims.

During the pretrial conference, Plaintiff informed the Court that she would not seek to introduce evidence regarding whether she was paid off the clock.  Based on this assertion, the Court finds that the Motion of Defendant in Limine as to this evidence is moot. As  regards  the  remaining  topics,  Plaintiff  argues  that  the testimony/evidence is relevant on her state law claims of assault; negligent  hiring,  supervision,  and  retention;  and  intentional infliction of emotional distress.

Defendant  has  not  addressed  the  relevancy  of  the  subject testimony/evidence     as     to     Plaintiff's     state     law     claims.

---

[2]   Defendant, in part, seeks to exclude Bynum's statements regarding several alleged incidents of harassment that did not involve Plaintiff or occurred before Plaintiff was hired.  On this issue, the Fifth Circuit has found that such testimony does not bear on an individual's claim of sexual harassment "in the absence of evidence that such incidents affected [her] psychological well-being."  Jones v. Flagship Int'l, 793 F.2d 714, 721 n.7 (5th Cir. 1986).

Additionally, the Court finds that it cannot presently rule on the subject motion in limine because it cannot determine the nature of the allegedly derogatory comments Plaintiff will actually seek to introduce at trial, and cannot anticipate the nature or content of Bynum's trial testimony. Accordingly, the Court finds that the Motion of Defendant in Limine to exclude the subject testimony/evidence should be presently denied, without prejudice, thereby allowing Defendant to raise its objections, including relevancy and hearsay, at trial.

Defendant has also moved to prohibit Plaintiff and her attorney from referring to its attorneys as "New Orleans counsel" or "Louisiana counsel." In her Response, Plaintiff indicates that she will not refer to counsel for Defendant using either of the referenced phrases, and will not otherwise indicate that they are from another state. Accordingly, the Court finds that the Motion of Defendant in Limine to exclude out-of state attorney references is moot.

## C.  Second Motion of Defendant in Limine

### 1.  Evaluation by Dr. Welch

Defendant seeks to exclude evidence regarding psychiatric evaluations performed by Dr. Welch claiming they constitute hearsay under Rule 801 for which there is no applicable exception under Rule 803, and on the basis of unfair prejudice under Rule 403. In

response, Plaintiff indicates that she will not seek to introduce the subject records into evidence, and that "[t]he listing of the Medical Records as an Exhibit to introduce into Evidence may be considered withdrawn by Plaintiff."  <u>See</u> Resp. to Second Mot. in Limine [Docket No. 51], at 6-7.  Based on Plaintiff's assertion that she will not seek to introduce the subject evaluations as evidence at trial, the Court finds that the Second Motion of Defendant in Limine to exclude the evaluations is moot.

**2.   Handwritten Customer Statement**

Defendant seeks to exclude from evidence a handwritten statement from three police officers asserting that they paid for all of their meals while patronizing the subject Flying J restaurant.  The Court finds that the letter constitutes double hearsay under Rule 801, for which there is no applicable exception under Rule 803.  Additionally, the Court finds that as the reason for Bynum's termination is not a "fact that is of consequence to the determination of" Plaintiff's claims, the subject statement is not relevant under Rule 401.  Accordingly, the Court finds the Second Motion of Defendant in Limine to exclude the handwritten customer statement should be granted.

**3.   Electronic Recordings**

Defendant seeks to exclude from evidence any electronic recordings made by, or in the possession of, Bynum on the grounds

that they were not timely produced during discovery.  In response, Plaintiff indicates that neither she nor her attorney has any electronic recordings that have not previously been produced in discovery, and that she will not seek to use any previously non-produced electronic recordings at trial.  See Resp. to Second Mot. in Limine [Docket No. 51], at 7.  Plaintiff has also withdrawn, as possible trial exhibits, any "tapes or electronic recordings of conversations Christina Bynum may still have and may produce."  Id. Based on Plaintiff's assertion that she does not intend to introduce at trial any electronic recordings that were not previously produced in discovery,  the Court finds that the Second Motion of Defendant in Limine to exclude such recordings is moot.

**4.  Testimony Regarding Aggravation of Prior Mental/Physical Illnesses**

Defendant seeks to bar Plaintiff from offering any testimony regarding whether the harassment alleged in this case aggravated her pre-existing mental/physical illnesses.  Defendant seeks to exclude Plaintiff's testimony on this issue on the grounds that such evidence may only be offered by an expert witness.  In response, Plaintiff indicates that she will not seek to offer any medical opinions or conclusions regarding whether her pre-existing conditions were aggravated by the alleged harassment.  See Resp. to Second Mot. in Limine [Docket No. 51], at 12.  Based on Plaintiff's assertion that she will not offer any testimony at trial regarding

whether her pre-existing conditions were aggravated by the alleged harassment, the Court finds that the Second Motion of Defendant in Limine to exclude such testimony is moot.

5.   **Testimony Regarding Sexual Harassment Allegedly Experienced by Bynum**

Defendant seeks to bar Bynum from offering any testimony regarding the harassment to which she was allegedly subjected on the grounds that such evidence is not relevant to Plaintiff's harassment claims.  As discussed above, Defendant has not addressed the relevancy of the subject testimony as to Plaintiff's state law claims.   Additionally, the Court again finds that it cannot presently rule on the subject motion in limine because it cannot anticipate the nature or content of Bynum's trial testimony. Accordingly, the Court finds that the Second Motion of Defendant in Limine to limit Bynum's trial testimony should be presently denied, without prejudice, thereby allowing Defendant to raise its objections, including relevancy and hearsay, at trial.

## II.   Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine [Docket No. 37] is hereby granted in part, and denied in part.

IT IS FURTHER ORDERED that the Motion of Defendant in Limine

[Docket No. 41] is hereby denied in part without prejudice, and denied in part as moot.

IT IS FURTHER ORDERED that the Second Motion of Defendant in Limine [Docket No. 48] is hereby granted in part, denied in part without prejudice, and denied in part as moot.

SO ORDERED this the 13th day of November, 2008.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE